IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARK DONELSON, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERIPRISE FINANCIAL SERVICES, )<br>INC., JAMES M. CRACCHIOLO, )<br>KELLI HUNTER PETRUZILLO, )<br>NEAL MAGLAQUE, PATRICK HUGH )<br>O'CONNELL and MARK SACHSE, )<br>)<br>Defendants. ) | Case No. |

### PLAINTIFF'S MOTION TO FILE COMPLAINT AND ACCOMPANYING DOCUMENTS UNDER SEAL AND FOR PROTECTIVE ORDER WITH SUPPORTING MEMORANDUM

As provided under Fed. R. Civ. P. 5.2(d) and (e) and 26(e)(7), plaintiff/representative plaintiff Mark Donelson ("Donelson") moves the Court for leave to file the Class Action Complaint and attachments which accompany this Motion and which, pursuant to W.D. Mo. L.R. 5.1 have been submitted for filing contemporaneously herewith under seal and otherwise for a protective order. In support of this Motion and in support of the relief requested herein, Donelson would show the Court the following:

### FACTUAL AND PROCEDURAL BACKGROUND

1. Donelson is a citizen of the state of Missouri, resident within the Western District of Missouri. He is now 58 years of age and he has for 28 years been employed by Sam's West, Inc., a wholly owned subsidiary of Wal-Mart Stores, Inc. as an inventory "picker."

2. Donelson is, and at all times relevant to his Complaint has been, a "retail customer" of defendant Ameriprise Financial Services, Inc. ("Ameriprise"), a licensed broker-dealer investment advisor to which Donelson has entrusted such funds, capital and assets as he has been able to set aside for his retirement.

3. In his Complaint, Donelson asserts claims against Ameriprise and those direct actors and/or controlling persons whom he has identified as additional defendants for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Securities & Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5 as well as for breach of fiduciary duties arising, *inter alia*, under § 206 of the Investment Advisors Act, 15 U.S.C. § 80b-6, the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78o, 15 U.S.C. §§ 1601, 1602 and 1631 and otherwise applicable law.

4. Notwithstanding the attempted redaction thereof under Fed. R. Civ. P. 5.2, such individualized allegations as may be set forth in the Complaint including through the attachment thereto of Donelson's brokerage statements for the years 2010 through 2017, inclusive, Ameriprise could be used to identify Donelson and place at risk of loss or misappropriation, those funds, capital and assets which Donelson has entrusted to and which remain entrusted to Ameriprise.

5. Further, prior to the filing of the Complaint, Donelson and Ameriprise have entered into discussions regarding the possible, and Donelson emphasizes the "possible" mediation of Donelson's individualized and otherwise class representative claims against Ameriprise without the necessity either of litigation in the context of this action or, alternatively, arbitration under the auspices of the Financial Industry Regulatory Authority ("FINRA").

6. Disclosing, publicly, and/or otherwise permitting the public disclosure or reporting the claims asserted in the Complaint would substantially impair such mediation process and with it the prospect of an agreed resolution of Donelson's claims without judicial intervention.

## MEMORANDUM OF POINTS AND AUTHORITIES

7. Fed. R. Civ. P. 5.2(d) provides that the Court "may order that a filing be made under seal without redaction" and may order that the person who makes such filing file a "redacted version for the public record."

8. Similarly, Fed. R. Civ. P. 5.2(e) provides that "[f]or good cause, the court may by order in a case …" limit or prohibit a non-party's remote electronic access to a document filed with the court;" just as Fed. R. Civ. P. 36(e)(7) authorizes this or any other District Court "to issue any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden."

9. These are the remedies which Donelson seeks in this case.

10. In requesting those remedies, Donelson is not unmindful that this and other courts have recognized a general right to inspect and copy public records and documents, including judicial records. Indeed, other districts have stated, by local rule, that the "records of the court are presumptively open to the public;" that the "sealing of new and pending civil cases is highly discouraged" and that such records may be sealed only upon "a showing of good cause," D. Utah, Civ. R. 5-2(a).

11. At the same time, however, the Supreme Court itself has recognized that this right of access to judicial records is not without limit. As stated in <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978), it is "uncontested … that the right to inspect and copy judicial records is not absolute;" that "[e]very court has supervisory power over its own records and files"

and that the court may deny access where those "files might have become a vehicle for improper purposes."

12. Among other things, the courts are not to serve as "sources of business information that might harm a litigant's competitive standing," *Id.*, and for that reason, Fed. R. Civ. P. 26(e)(7) authorizes this Court to prohibit the disclosure of otherwise public information whenever necessary to avoid "annoyance, embarrassment, oppression or undue burden'" to any party, Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002), *quoting in part from* Fed. R. Civ. P. 26(e)(7) and, *citing*, Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

13. Allowing unfettered access to Donelson's Complaint, whether through over-the-counter inspection or via electronic means, would make the Court a "vehicle for improper purposes" including access to Donelson's personal financial information for purposes of misappropriation.

14. Donelson's as-filed Complaint could and would become a "vehicle for improper purposes" should it forestall the potential, agreed resolution of Donelson's claims without the time and expense of litigation and without burdening this Court and/or be used by Ameriprise's own, many competitors to disparage its products, services or personnel.

15. The relief requested herein will be limited, temporally, to a period of ninety (90) days from and after the date of filing of the Complaint, during which Donelson's claims will be resolved agreeably, if they can be.

WHEREFORE, as provided under Fed. R. Civ. P. 5.2(d) and (e) and 26(e)(7), plaintiff/movant Mark Donelson requests the following relief:

A. That it permit the filing of the accompanying Complaint, under seal, thus prohibiting any access thereto by any means, whether electronic or otherwise, by any person or entity who is not a party to this action;

B. That it keep and maintain such Complaint under seal for a period not to exceed ninety (90) days from and after the date of filing of such Complaint;

C. That it make and enter its protective order prohibiting the disclosure and superseding any requirement for the disclosure in any context to any authority, whether of the fact of the filing of such Complaint or any of the claims or parties identified therein, by any person, for a period of ninety (90) days from and after the date of filing such Complaint; and

D. That it grant such or further relief as may be justified in the premises.

Respectfully submitted,

McDOWELL RICE SMITH & BUCHANAN

 */s/ James F.B. Daniels*
James F.B. Daniels, MO Bar #30003
605 W. 47th Street, Suite 350
Kansas City, MO 64112-1905
(816) 753-5400 telephone
(816) 753-9996 telecopier
jdaniels@mcdowellrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing was served via e-mail on this 31st day of December, 2018 upon the following persons:

Mr. Peter S. Fruin
pfruin@maynardcooper.com
Maynard Cooper Gale
1901 Sixth Avenue North
Birmingham, AL 35203

Mr. Howard Klausmeier
howard.m.klausmeier@ampf.com
Vice President and General Counsel
Ameriprise Financial, Inc.
2923 Ameriprise Financial Center
Minneapolis, MN 55474

               /s/ *James F.B. Daniels*

6

Case 4:18-cv-01023-HFS   Document 2   Filed 12/31/18   Page 6 of 6